UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. C-06-217 |
| | § | |
| REAL PROPERTY KNOWN AS ROUTE 1, | § | |
| BOX 490A, WESLACO, TEXAS 78596, *et al*, | § | |
| | § | |
| Defendants. | § | |

## ORDER DENYING PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT

On this day came on to be considered Plaintiff's motion for entry of default in the above-styled action (D.E. 20).  Plaintiff United States of America moves for default pursuant to Federal Rule of Civil Procedure 55(a), as to the Real Property Known as Route 1, Box 490A, Weslaco, Texas 78596 (hereinafter, the "Defendant Property"), subject to the lien of Hidalgo County, Texas.  For the reasons set forth below, Plaintiff's motion for entry of default is hereby DENIED.

I.    **Jurisdiction**

The Court has jurisdiction over this case pursuant to 28 U.S.C. §§ 1345 and 1355.

II.    **Background**

On May 24, 2006, the United States filed its Complaint for Forfeiture in Rem ("Complaint") against the Defendant Property.  (D.E. 1).  The United States brings this forfeiture action pursuant to 18 U.S.C. §§ 983 and 985 to enforce 21 U.S.C. § 881(a)(7), which provides for the forfeiture of real property used to commit or facilitate an offense under certain provisions of the Controlled Substances Act (21 U.S.C. §§ 801-890).  The United States alleges that the Defendant Property is subject to forfeiture because it was used to facilitate the commission of

drug trafficking offenses under 21 U.S.C. §§ 841 and 846. (Complaint, p. 2). A copy of the United States' Complaint was mailed via certified mail to Guadalupe Gutierrez, Ruby Rivera-Gutierrez and Leonel Martin Gutierrez. (Id., p. 4). Guadalupe Gutierrez is the titled owner of the Defendant Property.

On December 18, 2006, claimant Guadalupe Gutierrez, proceeding pro se, filed an answer to the United States' Complaint (D.E. 9). Guadalupe Gutierrez answered the Complaint and raised the "innocent owner" defense, claiming that he "was, and is without knowledge of any alleged or committed drug trafficking activity that took place" at the Defendant Property. (Id., p. 2).[1] Claimant Guadalupe Gutierrez claimed that "this lack of knowledge comes within the [innocent owner] exemption from forfeiture proceedings as set out by 18 U.S.C. § 983(2)(d)." (Id.). Mr. Gutierrez demanded a trial by jury of the issues and defenses claimed in his answer, and he asked the Court to dismiss the United States' Complaint. (Id.).

The Court held a status conference in the above-styled action on January 10, 2007. Mr. Gutierrez did not appear at the hearing. The Court scheduled a status conference for January 19, 2007, and sent notice of hearing to Mr. Gutierrez at the address he provided in his answer (2.5 M South Victoria, Donna, Texas 78537). (D.E. 12). The notice was mailed to Mr. Gutierrez via regular mail and via certified mail, return receipt requested. On January 16, 2007, both the

---

[1]A claimant may defeat forfeiture by proving, by a preponderance of the evidence, that he is an "innocent owner." 18 U.S.C. § 983(d)(1). To be entitled to the innocent owner defense, the claimant must be an "owner" of the property. Id. The Civil Asset Forfeiture Reform Act of 2000 defines an "owner" as any person "with an ownership interest in the specific property sought to be forfeited" including a lien, recorded security interest, or valid assignment. Id. at § 983(d)(6). In order for an owner to be "innocent," the owner must prove that he either (1) "did not know of the conduct giving rise to forfeiture" or (2) "upon learning of the conduct giving rise to the forfeiture, did all that reasonably could be expected under the circumstances to terminate such use of the property." Id. at § 983(d)(2)(A)(i)-(ii).

notice sent to Mr. Gutierrez via regular mail and the notice sent via certified mail were returned as undeliverable.  (D.E. 13, 14).  The Court rescheduled the hearing to January 29, 2007, and sent notice of the hearing to Mr. Gutierrez via certified mail.  (D.E. 16).[2]  This notice was returned as undeliverable, and the certified mail was never claimed.  (D.E. 17, 18).  The Court held the hearing on January 29, 2007, and Mr. Gutierrez did not make an appearance.  Other documents mailed to Mr. Gutierrez have continued to be returned as undeliverable or unclaimed. (D.E. 23, 27).

On November 1, 2007, the United States filed the instant motion for entry of default as to Mr. Gutierrez, subject to the lien of Hidalgo County (D.E. 20).  The United States' motion references the various unsuccessful attempts to contact Mr. Gutierrez after he filed his answer. (Id., pp. 2-3).  Mr. Gutierrez has not filed a response to the United States' motion for entry of default.

## III.   **Discussion**

Federal Rule of Civil Procedure 55(a) states as follows:

(a) **Entry**.  When a party against whom a judgment for affirmative relief is sought ***has failed to plead or otherwise defend*** as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default.

Fed. R. Civ. P. 55(a) (emphasis added).

In this case, the United States seeks entry of default against Mr. Gutierrez, but Mr. Gutierrez *has appeared and pled the innocent owner defense in this action*.  (See D.E. 9, Answer).  Mr. Gutierrez also requested a trial by jury and asked that the Court dismiss the United States' Complaint of Forfeiture.  (Id.).  While Mr. Gutierrez may not have been reachable via the

---

[2]In addition to the address provided in his answer, the Court also attempted to mail documents to Mr. Gutierrez at an alternative address: Route 1, Box 71-F, Donna, Texas 78537. However, such mail was also returned as undeliverable or unclaimed.

mail system, and he failed to appear at subsequent hearings, Mr. Gutierrez still appeared and filed an answer in this case.   Thus, under the plain language of the Rule, this case is not amenable to an entry of default under Rule 55(a).   See Fed. R. Civ. P. 55(a); see also Rogers v. Barnhart, 365 F.Supp.2d 803, 808 (S.D. Tex. 2004) (denying motion for entry of default, where party appeared in the case by filing a motion to dismiss); Sun Bank of Ocala v. Pelican Homestead and Sav. Ass'n, 874 F.2d 274, 276 (5th Cir. 1989) (citing Fed. R. Civ. P. 55(a)) (emphasis added) (noting that Rule 55(a) only permits a default against a party when it 'has *failed to plead* or otherwise defend' itself", and that "[d]efault judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations").

## IV.   <u>Conclusion</u>

For the reasons set forth above, the United States' motion for entry of default (D.E. 20) is hereby DENIED.

SIGNED and ORDERED this 20th day of February, 2008.

Janis Graham Jack
United States District Judge